MEMORANDUM **
Yanko Lukov, a citizen of Bulgaria, petitions for review of the decision of the Board of Immigration Appeals (“BIA”) denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We deny the petition.
Substantial evidence supports the BIA’s adverse credibility determination. Because Lukov’s application was filed before May 11, 2005, the REAL ID Act does not apply. Joseph v. Holder, 600 F.3d 1235, 1240 n. 3 (9th Cir.2010). We agree with Lukov and the dissent that some of the purported inconsistencies relied upon by the BIA, such as the inconsistency regarding where he was when he woke up from his coma, do not go to the heart of his claim. See Smolniakova v. Gonzales, 422 F.3d 1037, 1045 (9th Cir.2005). Nonetheless, substantial evidence supports the BIA’s decision in light of Lukov’s inconsistent testimony regarding his absences from a military base. Originally, Lukov testified that he had been given leave on only one occasion. After the Immigration Judge (“IJ”) confronted Lukov with a medical record indicating that Lukov had twice visited a hospital approximately 150 kilometers away during the time he was supposedly at the base, Lukov for the first time testified that he had run away from the base two times after experiencing beatings. But the medical record did not support this new assertion either, as the document indicated that Lukov was treated for bronchitis during one of these visits, not for injuries that would normally be associated with a beating. Later testimony further conflicted with Lukov’s original statement; during cross-examination, Lu-kov testified that he ran away five to ten times during his military service.
These inconsistencies goes to the heart of Lukov’s claim. Lukov claimed asylum on account of his Roma ethnicity. His claim stemmed in part from the mistreatment and beatings he received during his conscripted military service in a Roma-only brigade. Inconsistent testimony regarding Lukov’s experiences while at the military base, especially as they relate to the beatings he received, thus goes to the heart of his allegations.
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir, R. 36-3.